1  STEPHANIE M. HINDS (CABN 154284)
   United States Attorney
2
   THOMAS A. COLTHURST (CABN 99493)
3  Chief, Criminal Division

4  CHARLES F. BISESTO (CABN 271353)
   Assistant United States Attorney
5
       450 Golden Gate Avenue, Box 36055
6      San Francisco, California 94102-3495
       Telephone: (415) 436-6405
7      FAX: (415) 436-7234
       Charles.Bisesto@usdoj.gov
8
   Attorneys for United States of America
9
                          UNITED STATES DISTRICT COURT
10
                         NORTHERN DISTRICT OF CALIFORNIA
11
                              SAN FRANCISCO DIVISION
12

13 | UNITED STATES OF AMERICA,          )  CASE NO.: 4:22-MJ-70882-MAG-1
                                        )
14 |     Plaintiff,                     )  STIPULATION AND ORDER TO CONTINUE
                                        )  STATUS CONFERENCE AND EXCLUDE
15 |   v.                               )  TIME FROM SEPTEMBER 14, 2022 TO
                                        )  OCTOBER 5, 2022
16 | HECTOR ARTEAGA,                    )
                                        )
17 |     Defendant.                     )
                                        )
18

19     Plaintiff United States of America, by and through its counsel of record, the United States

20 Attorney for the Northern District of California and Assistant United States Attorney Charles Bisesto,

21 and defendant Hector Arteaga ("Defendant"), by and through his counsel of record, Angela Hansen,

22 hereby stipulate as follows:

23     1.     On July 6, 2022, the Honorable Donna M. Ryu, U.S. Magistrate Judge, issued a Criminal

24 Complaint charging Defendant with unlawful distribution of a controlled substance, in violation of 21

25 U.S.C. § 841(a)(1) and (b)(1)(B)(viii).

26     2.     On July 11 2022, Defendant made his initial appearance before the Honorable Donna M.

27 Ryu, U.S. Magistrate Judge and the matter was put over to July 13, 2022. On July 13, 2022, Defendant

28

STIPULATION TO EXCLUDE TIME AND ORDER
Case No. 4:22-MJ-70882-MAG-1                                                              v. 7/10/2018

1   was arraigned on the Criminal Complaint and the matter was put over to August 16, 2022 for a status

2   conference. The matter was ultimately continued to September 14, 2022 for a further status conference.

3        3.     As of today, the prosecution has disclosed a large amount of video and documentary

4   evidence that the defense is still reviewing. Additionally, the government just produced over 150 text

5   messages and voice recordings that pertain to the charged conduct in the criminal complaint and are

6   relevant and material to this prosecution.

7        4.     Because the review of this discovery may impact an early resolution of this matter, the

8   parties believe more time would be fruitful. For this reason, the parties agree that continuing the

9   September 14, 2022 status conference and excluding time until the next court date will allow for

10   effective preparation of counsel, taking into account the exercise of due diligence.

11       5.     Given the need for more time, the parties are requesting a new status conference date of

12   October 5, 2022.

13       6.     Defense counsel represents that her client understands that he has a right under 18 U.S.C.

14   § 3161(b) to be charged by information or indictment with the offense alleged in the pending criminal

15   complaint and that her client knowingly and voluntarily waives that right and agrees to continue to

16   exclude the time to be charged by indictment and agrees to set a status in this matter on October 5, 2022.

17   Defense counsel further represents that her client knowingly and voluntarily waives the timing for

18   preliminary hearing under Federal Rule of Criminal Procedure 5.1 through October 5, 2022.

19       7.     For purposes of computing the date under Rule 5.1 of the Federal Rules of Criminal

20   Procedure for preliminary hearing, and the date under the Speedy Trial Act by which defendants must be

21   charged by indictment or information, the parties agree that the time period of September 14, 2022 to

22   October 5, 2022, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and

23   (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request,

24   without government objection, on the basis of the Court's finding that: (i) the ends of justice served by

25   the continuance outweigh the best interest of the public and defendant in the filing of an information or

26   indictment within the period specified in 18 U.S.C. § 3161(b); and (ii) failure to grant the continuance

27   would unreasonably deny defense counsel the reasonable time necessary for effective preparation,

28   taking into account the exercise of due diligence

STIPULATION TO EXCLUDE TIME AND ORDER
Case No. 4:22-MJ-70882-MAG-1                                                                  v. 7/10/2018

8. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which an information or indictment must be filed.

The undersigned Assistant United States Attorney certifies that he has obtained approval from counsel for Defendant to file this stipulation and proposed order.

IT IS SO STIPULATED.

DATED: September 9, 2022
　　　　　　　　　　　　　　　　　　　／s／
　　　　　　　　　　　　　　　　　　　CHARLES F. BISESTO
　　　　　　　　　　　　　　　　　　　Assistant United States Attorney

DATED: September 9, 2022
　　　　　　　　　　　　　　　　　　　／s／
　　　　　　　　　　　　　　　　　　　ANGELA HANSEN
　　　　　　　　　　　　　　　　　　　Counsel for Defendant Hector Arteaga

**ORDER**

The Court has read and considered the Stipulation Regarding Request for (1) Continuance of the Status Conference Date and (2) Findings of Excludable Time Period Pursuant to Speedy Trial Act, filed by the parties in this matter.  The Court hereby finds that the Stipulation, which this Court incorporates by reference into this Order, demonstrates facts that support a continuance in this matter, and provides good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161, as well as to waive the timing for preliminary hearing under Rule 5.1 of the Federal Rules of Criminal Procedure.

The Court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in the filing of an information or indictment within the time period set forth in 18 U.S.C. § 3161(b); and (ii) failure to grant the continuance would unreasonably deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

THEREFORE, FOR GOOD CAUSE SHOWN:

The status hearing currently scheduled for **September 14, 2022 is continued to October 5, 2022**.  The time period of **September 14, 2022, to October 5, 2022**, inclusive, is excluded in computing the time within which an information or indictment must be filed under 18 U.S.C. § 3161(b) pursuant to the provisions of 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (B)(iv).  Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which an information or indictment must be filed.

IT IS SO ORDERED.


DATED:   September 9, 2022

_____
HONORABLE DONNA M. RYU
United States Magistrate Judge